S90A0085. LOWERY v. THE STATE.
(388 SE2d 329)

CLARKE, Chief Justice.

John Lewis Lowery was convicted of the malice murder of Johnny Harbin, and sentenced to life imprisonment.[1] The evidence, when viewed in the light most favorable to the prosecution, showed that on the day of the crime the defendant accompanied the victim to Lavonia to see the victim's wife. Also travelling with them were the victim's girl friend and her mother. The defendant and two women remained in the defendant's car while the victim went into his wife's apartment. Hearing the victim and his wife arguing, the defendant entered the apartment. He found the victim's wife unconscious and revived her. It is undisputed that the victim had struck his wife several times in a dispute over an automobile. The defendant and victim argued over the defendant's interference in this quarrel, and there

---

[1] The crime occurred on February 22, 1987. The defendant was tried on October 9, 1987, and sentenced that same day. The trial court granted the defendant's *pro se* motion for an out-of-time appeal, and appointed counsel to represent the defendant on September 25, 1989. An appeal was docketed in this court on October 19, 1989, and submitted on briefs on December 1, 1989.

was testimony from the victim's wife and stepdaughter that the defendant threatened to kill the victim. There was also testimony, including that of the defendant, that the defendant drew his gun, but the victim's wife and her daughter held his hand down so that he could not use it. The defendant then left the apartment and returned to the car, instructing the victim's girl friend to drive away. As she began to do so the victim rushed toward the car, cursing at the defendant, and attempted to climb in the back window. The defendant testified that he drew his gun and "shot at" the victim because he was afraid of him. The defendant testified that he did not intend to shoot the victim.

The defendant then left the scene. He turned himself in to law enforcement officers later that night, and gave a statement to them admitting he had shot the victim.

1. Contrary to the defendant's contention, the evidence authorized a rational trier of fact to find him guilty beyond a reasonable doubt of the offense of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant argues that the trial court erred in admitting a pre-autopsy photograph of the victim, alleging that its prejudicial value outweighed its probative value.

The trial court admitted this photograph to illustrate the cause of death, and instructed the jurors that they were to "consider it for that purpose only . . . and nothing else." The rule is that pre-autopsy photographs of the victim which are relevant to an issue in the case may be admitted even though they may have a prejudicial impact on the jury. *Hicks v. State*, 256 Ga. 715 (13) (352 SE2d 762) (1987). Therefore we find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 15, 1990.

*Floyd W. Keeble, Jr.,* for appellant.
*Lindsay A. Tise, Jr., District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.